UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ELECTRIC INSURANCE COMPANY,

       Plaintiff,

    v.

ESTATE OF TEDDY MARCANTONIS by
DINA MARCANTONIS a/k/a
KONSTANDINA MARCANTONIS,

       Defendant.

---

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 09-5076
(JEI/JS)

**OPINION**

**APPEARANCES:**

BODELL, BOVE, GRACE & VAN HORN
By:  Louis A. Bove, Esq.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
    Counsel for Plaintiff Electric Ins. Co.

CHANCE & MCCANN, L.L.C.
By: Robert D. Fischer, Esq.
201 W. Commerce Street
P.O. Box 278
Bridgeton, NJ 08302
    Counsel for Defendant

**IRENAS**, Senior District Judge:

In an Opinion dated December 22, 2010, this Court held that
Plaintiff Electric Insurance Company ("EIC") has no duty to
defend or indemnify the Estate of Teddy Marcantonis ("Defendant")
in the state court civil action *Theresa Williamson, Executrix on
behalf of the Estate of Joseph Martorana v. Estate of Theodore
"Teddy" Marcantonis by Dina Marcantonis, Executrix for the Estate*

1

("the Martorana Litigation").  In accordance with this Court's Order, EIC now moves to recover legal fees and costs paid in connection with the defense of the Martorana Litigation prior to this Court's holding.[1]

## I.

This Court presumes familiarity with its earlier Opinion granting EIC's Motion for Summary Judgment and entering a Judgment declaring that EIC has no duty to defend or indemnify the Estate of Teddy Marcantonis in the Martorana Litigation.  *See Electric Ins. Co. v. Estate of Teddy Marcantonis*, 2010 WL 5174500 (D.N.J December 22, 2010).

Defendant tendered the defense of the Martorana Litigation to EIC under Marcantonis' insurance policy provided by EIC ("the Policy").  (EIC's 56.1 Stat. ¶ 3.)[2]  In a letter dated September 29, 2009, EIC explained that the nature of the allegations in the Martorana Litigation and EIC's position on coverage under the Policy prevented EIC from assuming the defense.  (Bove Cert. Ex. C.)  Despite this, and with a complete reservation of rights, EIC agreed to reimburse fees and costs incurred by counsel chosen by Defendant without prejudice to cease paying defense costs, to seek reimbursement for costs paid and to pursue a declaratory

---

[1]  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[2]  References to "EIC's 56.1 Stat." are to EIC's statement of undisputed material facts submitted in support of its Motion.

judgment action seeking a judicial determination of EIC's rights and obligations under the Policy.[3]  (Id. ¶ 4; Bove Cert. Ex. C.)

Prior to this Court's holding that EIC has no duty to defend or indemnify under the Policy, EIC paid a total of $9,951.42 for defense fees and costs in connection with the Martorana Litigation.[4]  (Id. ¶ 8.)  On January 20, 2011, EIC filed the instant Motion for Summary Judgment to recover those fees and

---

[3]  In its September 29, 2009 reservation of rights letter to Defendant, EIC explained:

> Electric Insurance will, however, reimburse the Estate for reasonable defense costs incurred by the Estate, under a complete reservation of rights.  You should select your own lawyer to represent the Estate, and provide Electric Insurance with information regarding the lawyer's hourly rate and anticipated defense costs for our approval before they are incurred.  We will reimburse the Estate only for reasonable fees at a reasonable hourly rate.  You must not allow a default to be taken in the Lawsuit, settle the Lawsuit or concede liability or damages without our express written consent. ....

> Electric Insurance reserves the right to file a declaratory judgment action seeking a determination that it has no obligation to provide a defense or indemnification in connection with the Lawsuit, or declaring the scope of any obligation that Electric Insurance may have to provide a defense or indemnification. Electric Insurance expressly reserves the right to withdraw from payment of defense costs, and to obtain reimbursement of all defense costs.

(Bove Cert., Ex. C.)

[4]  This total includes $8,867 in legal fees and $1,084.42 in costs.

3

costs.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III.

The Court finds that EIC is entitled to reimbursement for

the money it paid for the defense of the Martorana Litigation based on the following principles.

When an insured is required to fund its own defense to covered claims due to the insurer's failure to honor its coverage obligations, the insurer is obligated to reimburse the insured for defense costs reasonably associated with those claims. *SL Indus. Inc. v. American Motorists Ins. Co.*, 128 N.J. 188, 215 (1992). This holding stems from the principle that an insurer contracts to pay the cost of defending covered claims but not the cost of defending uncovered claims. *Id.; see also Hebela v. Healthcare Ins. Co.*, 370 N.J. Super. 260, 279 (App. Div. 2004)(citing *Buss v. Superior Court*, 939 P.2d 766, 776-78 (Cal. 1997))[5].

The New Jersey Supreme Court has defined the duty to defend as a "contractual right of control," *Griggs v. Bertram*, 88 N.J. 347, 356 (1982), which is "vitally connected with the obligation to pay the judgment." *Merchants Indemnity Corp. v. Eggleston*, 37 N.J. 114, 127 (1962). This is because the outcome of the suit depends "upon skill in investigation, in negotiations for settlement, and in the conduct of the lawsuit." *Id.* Ultimately,

---

[5] Many indemnity policies (i.e, auto or director/officer insurance) provide an independent obligation to defend covered claims regardless of the cost of defense. In some policies, the insurer has no independent duty to defend, but the cost of defending covered claims is itself a covered claim, which is part of the indemnity subject to the dollar limitation of policy coverage.

the linchpin of control of the defense is the choice of counsel:

> A carrier may be more confident of its handling of claims, but an insured may with equal conviction prefer the individualized attention of his own counsel as against the services furnished by an insurer in the mass-handling of litigation.  Personal counsel may seize opportunities to settle which might be ignored or overlooked by a carrier to which the case is just one of a great number.  Moreover, whatever his estimate of lawyers in general, a man usually has faith in 'my lawyer'.  This intangible is a valuable right.

*Id.*

Applying these principles to the instant motion, EIC is entitled to reimbursement for the money it paid for the defense of the Martorana Litigation.  EIC expressed the view that its position on coverage would prevent it from assuming defense of the matter.[6]  However, subject to certain limitations, it agreed to fund the costs of defense.  Counsel was selected by Defendant, and it does not appear that EIC sought to be informed about the progress of the case or otherwise exert control over the defense.  As a disclaiming carrier, EIC declined to exercise the "contractual right of control" it would have had if it had conceded coverage.  Although EIC paid legal fees and costs, it did not get any benefit from doing so.  Since Defendant benefitted by selecting the attorney and controlling the defense,

---

[6]  The reservation of rights letter does not specify the exact nature of the conflict of interest.  Presumably, the insurer thought there was a conflict between disputing coverage on the one hand and assuming control of the defense on the other.

it should bear the corresponding burden of assuming the costs for what this Court has determined are claims not covered by the Policy.

**IV.**

For the reasons stated above, EIC's Motion for Summary Judgment to recover fees and costs will be granted.  An appropriate Order and Judgment accompany this Opinion.

Dated: March 11, 2011

s/Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**